IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00023-LTB–KMT

VINCENT E. WELLS,

    Plaintiff,

v.

STEPHEN R. KREBS, M.D., Medical Director, Physician health Partners,
JOSEPH FORTUNATO, M.D., Sterling Correctional Facility,
BARRY GOLDSMITH, M.D., Sterling Correctional Facility,
PAULA FRANZ, M.D., Medical Director, Colorado Department of Corrections,
JO ANNE STOCK, P.C., Sterling Correctional Facility,
BEVERLY DOWIS, Health Service Administrator, and
CHERYL SMITH, Clinical Chief of Operations, Colorado Department of Corrections,

    Defendants.

# ORDER

    This matter is before the court on Plaintiff's "Motion to Supplement the Record" (Doc. No. 43, filed May 20, 2010). Plaintiff has failed to specify which document he wishes to supplement or state with particularity the grounds for seeking to supplement the record. *See* Fed. R. Civ. P. 7.1. It appears Plaintiff seeks to amend his complaint to add exhibits.

    The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant the parties unlimited rights of amendment. A motion to amend may be

denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

When seeking leave of the court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary. In addition, the plaintiff must attach the proposed amended complaint to the motion. The proposed amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims. The court notes that Exhibits G and H are not mentioned in Plaintiff's previous Amended Complaint (Doc. No. 14). In his Motion, the plaintiff does not detail why the exhibits he wishes to supplement are necessary, nor does he attach a proposed amended complaint to his motion. As a result, it is impossible to determine if the proposed amendment is permissible. Therefore, it is

ORDERED that Plaintiff's "Motion to Supplement the Record" (Doc. No. 43) DENIED without prejudice.

Dated this 28th day of May, 2010.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge